GERMAN-AMERICAN BANK OF ROCHESTER v. RUSSELL et al.

(Supreme Court, Appellate Division, Fourth Department.   March 22, 1899.)

MORTGAGES—FORECLOSURE—VACATION OF SALE.
>    If, on motion to set aside a foreclosure sale for inadequacy of price, the affidavits as to the value of the property are conflicting, an order vacating the sale may properly be made conditional on the moving party giving an undertaking to furnish a purchaser at a higher price.

Appeal from special term, Erie county.

Suit by the German-American Bank of Rochester against Charles J. Russell, Helen W. Russell, and others. Defendants appeal from two orders,—one of July 21, 1898, denying a motion for a resale of premises sold on the 21st of June, except upon the defendants' complying with the terms and conditions mentioned in the order; and the other an order made August 8, 1898, which denied a motion to resettle the last-mentioned order. Affirmed.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, McLENNAN, and SPRING, JJ.

John Van Voorhis, for appellants.
Joseph W. Taylor, for respondent.

PER CURIAM. Upon the affidavits and papers used at the special term on the 18th of July, 1898, that court was called upon to exercise its discretion as to whether a resale should be ordered or not. There was a conflict in the affidavits in respect to the value of the property affected by the sale, and there was a conflict, to some extent, in the circumstances as to what occurred at the time the sale was made; and it is not apparent that the special term abused its discretion in making a conditional order allowing a sale to take place upon the terms mentioned therein. The sale had yielded $12,600, and the court provided in the order that an obligation should be given that, if a resale was had, at least $15,000 should be bidden, and in other respects prescribed the terms for the new sale. It is not apparent that sufficient time was not allowed in which to comply with the terms prescribed. If the appellant had availed himself of the terms mentioned, a resale would have taken place. Kellogg v. Howell, 62 Barb. 280, affirmed by the general term of the Fourth department June 4, 1872, and again affirmed, on the opinion delivered at special term, by the court of appeals (53 N. Y. 609). To the same effect are Graffam v. Burgess, 117 U. S. 181, 6 Sup. Ct. 686; Wesson v. Chapman, 76 Hun, 596, 28 N. Y. Supp. 192; Morgan v. Holladay, 48 How. Prac. 87.

2. No sufficient ground is made apparent for requiring the court to resettle the order. The order, therefore, of the 8th of August should be affirmed.

Order of the 21st of July, and also the order of the 8th of August, affirmed, with $10 costs and disbursements.